UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES GREEN,

       Plaintiff,                     CIVIL ACTION NO. 16-cv-11587

       v.                         DISTRICT JUDGE GERALD E. ROSEN

GRAND TRUNK WESTERN,        MAGISTRATE JUDGE MONA K. MAJZOUB
RAILROAD, INC.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James Green commenced this *pro se* action against his former employer, Defendant Grand Trunk Western Railroad, Inc., on May 3, 2016. (Docket no. 1.) In his Complaint, Plaintiff alleges that he was fired from his long time employment as a locomotive engineer in retaliation for his request for medical treatment, in violation of the Federal Rail Safety Act, 49 U.S.C. § 20109. (*Id.*) Before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction. (Docket no. 6.) Plaintiff filed a Response to the Motion, with exhibits (docket nos. 10, 11), and Defendant filed a Reply (docket no. 15). The Motion has been referred to the undersigned for consideration. (Docket no. 12.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

I.      **RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant's Motion to Dismiss (docket no. 6) be **DENIED.**

II.     **REPORT**

### A. Facts and Procedural History

Defendant is a freight rail carrier. (Docket no. 6 at 11.) On the night of April 16, 2012, at approximately 11:00 p.m., Plaintiff was called in to perform his job as a locomotive engineer at the railroad terminal in Flint, Michigan. (Docket no. 1 at 2.) Not long after he arrived, members of Defendant's management team called Plaintiff into a conference room and asked him to submit to a breathalyzer test. (*Id.* at 2-3.) According to Plaintiff, he immediately began experiencing chest pain and dizziness and therefore requested an ambulance. (*Id.* at 3.) He was then taken to a hospital and never took the breathalyzer. He was "removed from service" that night, and later, after failing to submit documentation establishing an actual medical emergency, he was fired. (Docket no. 6-2 at 2.)

Plaintiff filed an administrative complaint with the Occupational Safety and Health Administration ("OSHA"), on August 27, 2012. (*See id.* at 1.) He alleged that he was fired for seeking medical treatment in violation of § 20109(c) of the FRSA. The Secretary of Labor (who reviews OSHA complaints) dismissed Plaintiff's complaint at the initial stage of administrative review, finding that Plaintiff was not engaged in any "protected activity" under the statute because his alleged illness was not work-related, and that Plaintiff "would have received the same discipline minus any *alleged* protected activity." (*Id.* at 2.) Plaintiff appealed this decision to an administrative law judge ("ALJ"). (Docket no. 6-3.)

A discovery dispute arose during the course of the proceedings before the ALJ; Plaintiff filed a Motion for a Protective Order concerning production of his medical records, and Defendant filed a corresponding Motion to Compel. (*See* docket no. 6-4 at 1.) In an Order dated September 3, 2013, the ALJ granted Defendant's Motion to Compel in large part, finding that Plaintiff "clearly put his medical condition at issue in this claim," and that "the medical records

2

from his treatment at the hospital are relevant . . . as are any other medical records that would indicate whether the Complainant had any pre-existing conditions that could have resulted in his medical emergency." (*Id.* at 2.) Plaintiff proceeded to appeal the ALJ's discovery order to the Administrative Review Board ("ARB"). (Docket no. 6-5.) The ARB denied the appeal on February 7, 2014, finding that Plaintiff failed to demonstrate "exceptional circumstances" justifying interlocutory review and failed to follow other procedural requirements. (Docket no. 6-6 at 2.)

Rather than comply with the ALJ's discovery order at that point, Plaintiff filed what the parties refer to as a "kick-out notice,"[1] indicating that he planned to file a petition in federal court seeking *de novo* review of the discovery issue. (Docket no. 6-7.) Plaintiff filed his petition in the Eastern District of Michigan on March 17, 2014. (Docket no. 6-8.) That case was dismissed, on Defendant's motion, for lack of jurisdiction on April 13, 2015. (*See Green v. Grand Trunk W. R.R.*, No. 14-11125, 2015 WL 1637442 (E.D. Mich. Apr, 13, 2015) ("*Green I*"); *see also* docket no. 6-10.) The court explained in *Green I* that the FRSA confers limited jurisdiction on federal district courts to perform a *de novo* review of OSHA complaints only when certain conditions are satisfied, and that the statute did not permit judicial review of an interlocutory administrative decision. (*Green I*, 2015 WL 1637442, at *4-6.) The court carefully reviewed Plaintiff's complaint to determine whether it could be construed as requesting *de novo* review of his underlying retaliation claim (which the FRSA permits) rather than simply requesting a review of the ALJ's discovery order, but concluded it could not. (*Id.* at *5 ("[Plaintiff] focuses his challenge exclusively on the ARB's February 7, 2014 order denying interlocutory review of the ALJ's discovery order, contending that the ARB failed to apply the proper rules and procedures

---

[1] The kick-out notice and other requirements for seeking judicial review of administrative decisions under the FRSA are discussed in greater detail below.

in considering his request for interlocutory review of the ALJ's order . . . . Nowhere in his present petition does [Plaintiff] advance any allegations whatsoever in support of a substantive claim of retaliation under the FRSA.") The Court of Appeals for the Sixth Circuit affirmed the court's decision in an Order dated March 24, 2016. (Docket no. 6-12.)

Plaintiff then filed the instant Complaint on May 3, 2016. He now clearly seeks *de novo* review of his retaliation claim. (Docket no. 1.) Defendant filed its Motion to Dismiss on May 25, 2016. (Docket no. 6.) Plaintiff filed a Response and exhibits on June 21, 2016 (docket nos. 10, 11), and Defendant filed a Reply on July 15, 2016 (docket no. 15.)

### B. Standard

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docket no. 6 at 18-22.) A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.* Through its Motion, Defendant challenges the factual basis for jurisdiction over Plaintiff's claim; therefore, the court is not bound to accept all factual allegations in the Complaint.

Defendant also briefly argues that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Docket no. 6 at 22.) When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613,

4

619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

**C. Analysis**

The FRSA prohibits railroad companies from discriminating against employees who, among other things, notify their employer of "work-related personal injury or work-related illness," or request "medical or first aid treatment." 49 U.S.C. § 20109(a)(4), (c)(2). It also

gives employees the right to file an administrative complaint with the Secretary of Labor (through OSHA) if they believe their employer has committed such an act of discrimination. *Id.* § 20109(d)(1); 29 C.F.R. § 1982.103(c) (specifying that "retaliation complaints" should be filed "with the OSHA office responsible for enforcement activities in the geographical area where the employee resides or was employed"). Finally, the "kick-out" provision of the FRSA, 49 U.S.C. § 20109(d)(3), gives employees the option to "'abandon the administrative process and file an original action in federal district court'" in certain circumstances. *Green I*, 2015 WL 1637442, at *5 (quoting *Gunderson v. BNSF Ry. Co.*, 29 F. Supp. 3d 1259, 1260 (D. Minn. 2014)). Specifically, the kick-out provision provides:

> With respect to a complaint [of unlawful retaliation], *if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee*, the employee may bring an original action at law or equity for de novo review in the appropriate district court in the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

49 U.S.C. § 20109(d)(3) (emphasis added). Thus, the FRSA gives federal district courts original jurisdiction over employees' claims for unlawful retaliation, but only if: 1) the Secretary fails to issue a final determination regarding the administrative complaint within 210 days after the complaint is filed, and 2) the delay is not caused by the employee's bad faith.

The parties do not dispute that 210 days have passed since Plaintiff filed his original administrative complaint. By the undersigned's count, the 210th day was March 25, 2013. The only issue is whether the delay was caused by the Plaintiff's bad faith.

Defendant contends that Plaintiff's actions in refusing to produce his medical records before the ALJ, improperly appealing the ALJ's interlocutory discovery order to the ARB, then improperly seeking judicial review of the ARB's determination in the district court and

6

appealing the district court's determination to the Sixth Circuit, all evidence Plaintiff's bad faith. Defendant points to the fact that Plaintiff filed his kick-out notice provision in February 2014, and argues that Plaintiff should have sought *de novo* review of his underlying retaliation claim at that point. Instead, Defendant argues, Plaintiff "sat on his kick-out notice for over two years" while he sought reversal of the ALJ's interlocutory discovery order in federal court. (Docket no. 6 at 22.) Defendant argues that Plaintiff became aware that the federal courts lacked jurisdiction to review the ALJ's interlocutory discovery order when *Green I* was dismissed on April 13, 2015, or even earlier, when Defendant filed its Motion to Dismiss in *Green I*, on April 10, 2014 (*see* docket no. 6-9), and yet he never tried to amend his petition in *Green I* or file a new petition asserting a substantive claim for retaliation.

Bad faith is defined as "dishonesty of belief, purpose, or motive." Black's Law Dictionary (10th ed. 2014). Plaintiff's lengthy pursuit of a reversal of the ALJ's interlocutory discovery order may have been legally and procedurally unsound, but there is no indication he was acting with a "dishonesty of belief, purpose, or motive." *Id.* He filed his kick-out notice on February 19, 2014, shortly after the ARB denied his petition for review of the ALJ's discovery decision. (Docket no. 6-7.) He participated in the *Green I* federal court litigation by responding to, and disagreeing with, Defendant's motion to dismiss, and he continued to press his arguments before the Sixth Circuit. Shortly after the Sixth Circuit handed down its decision in *Green I*, Plaintiff instituted this new action, which he has participated in by filing a timely Response to Defendant's Motion to Dismiss that at least partially addresses the relevant issues. (*See* docket no. 10.) He did not engage in clandestine efforts to evade the ALJ's original discovery order or conceal his intent to seek relief from the order in federal court; he openly pursued legal channels for having the order reversed, albeit improperly and unsuccessfully.

Defendant is correct that Plaintiff's *pro se* status does not excuse him from compliance with applicable federal and local rules. It is not, however, entirely irrelevant to an analysis of whether Plaintiff has acted in bad faith. Navigating between administrative and federal court proceedings is complicated and difficult, as is grappling with questions of jurisdiction and finality of administrative decisions. The fact that Plaintiff, acting *pro se*, sought reversal of the ALJ's interlocutory discovery order from the ARB and then in federal court is insufficient to show bad faith, even if Plaintiff's actions caused a delay in the administrative resolution of his case.

Moreover, it appears the 210-day period expired on March 25, 2013, before the Secretary of Labor had even completed the initial review of Plaintiff's OSHA complaint on April 13, 2013, and certainly before the ALJ entered the disputed discovery order on September 3, 2013. Plaintiff therefore had the right to remove his claim to federal court prior to engaging in any of the behavior about which Defendant complains. *See Wagner v. Grand Trunk W. R.R.*, No. 15-10635, 2016 WL 1161351, at *4 (E.D. Mich. March 3, 2016) ("On February 12, 2013, Plaintiff gained the right to remove this case to federal court because the Secretary had not issued a final decision within 210 days from the filing of his complaint. Defendant fails to identify any bad faith conduct by Plaintiff *that allegedly caused the Secretary to exceed the 210-day time limit*." (Emphasis added.)); *see also Lynch v. Union Pacific R. Co.*, 24 F. Supp. 3d 597, 601 (N.D. Tex. 2014) ("The record is clear that the delay *resulting in the failure of the Secretary of Labor to issue a final decision within 210 days* was not due to the bad faith of Plaintiff." (Emphasis added.)).

Defendant has failed to show that Plaintiff engaged in bad faith conduct that prevented the Secretary from being able to issue a final determination on Plaintiff's retaliation claim within

8

210 days of the date Plaintiff initially filed his administrative complaint, and does not otherwise challenge the court's jurisdiction over Plaintiff's retaliation claim. Dismissal under Federal Rule of Civil Procedure 12(b)(1) is therefore not warranted. Defendant also briefly mentions Federal Rule of Civil Procedure 12(b)(6) in its Motion to Dismiss. Defendant's entire Rule 12(b)(6) argument, however, relates to jurisdiction (or a lack thereof),[2] and therefore is also unavailing.

### D. Rule 11

In his Response, Plaintiff briefly argues that Defendant violated Federal Rule of Civil Procedure 11(b) by filing the Motion "for an improper purpose . . . in a bad faith effort to deny delay and impede a hearing on the merits of Plaintiff's case," and seemingly by failing to provide evidentiary support for Defendant's claim that Plaintiff refused to take the breathalyzer test. (Docket no. 10 at 7, 9.) Plaintiff does not appear to request any sanctions for these alleged violations; regardless, none are warranted. As Defendant argues in its Reply, Plaintiff's accusations are unfounded and procedurally improper. (Docket no. 15 at 4.)

### E. Conclusion

For the above-stated reasons, it is recommended that the court **DENY** Defendant's Motion to Dismiss. (Docket no. 6.) To the extent Plaintiff seeks Rule 11 sanctions against Defendant, such request should be denied.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

---

[2] After stating the purpose of Rule 12(b)(6), Defendant argues, "[i]n this case, even if Plaintiff's Complaint included a viable cause of action, Green's bad faith delay precludes any relief before this Court," and nothing more. (Docket no. 6 at 22.)

9

*Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 22, 2016         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: November 22, 2016         s/ Lisa C. Bartlett
                                 Case Manager