UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES GREEN,

    Plaintiff,

v.

GRAND TRUNK WESTERN
RAILROAD, INC.,

    Defendant.
                                             /

Case No. 16-11587

Honorable John Corbett O'Meara

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR ECONOMIC REINSTATEMENT

This matter came before the court on plaintiff James Green's March 31, 2017 Motion for Order of Economic Reinstatement. Defendant Grand Trunk Western Railroad ("GTW") filed a response April 14, 2017; and Plaintiff filed a reply brief May 18, 2017. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

## BACKGROUND FACTS

Plaintiff James Green was previously employed by defendant GTW as a locomotive engineer. At approximately 11:00 p.m. on the night of April 16, 2012, Green was called for duty. Shortly after Green's arrival at the rail yard in Flint,

Michigan, GTW management called him into a conference room and asked him to submit to a reasonable suspicion breath alcohol test, a federally-mandated procedure to ensure the safety of rail travel. Following the request Green complained of chest pains and dizziness and requested an ambulance. He refused to take the breath alcohol test and sat in a chair, waiting approximately 15 minutes for the ambulance. Green was transported to the hospital. He does not claim that there was any delay in GTW's request for the ambulance.

Following the events of that evening, GTW made request that Green provide information from a medical provider to confirm that he was unable to take the reasonable suspicion breath alcohol test due to a medical emergency. GTW advised Green that without the information, his failure to complete the breath alcohol test would be deemed a refusal to test for which he could be terminated.

Plaintiff Green failed to provide any information substantiating his claimed medical emergency; therefore, GTW deemed his conduct a refusal to submit to the breath alcohol test and terminated his employment effective May 16, 2012.

## **PROCEDURAL HISTORY**

Following his discharge, Green filed a complaint with the Occupational Safety and Health Administration ("OSHA"), claiming that his termination violated federal drug and alcohol testing regulations. After an investigation of the complaint, the

Secretary of Labor issued Findings that GTW had not violated the anti-retaliation provisions set forth in 49 U.S.C. § 20109 for two reasons: first, Green did not engage in any activity protected by the Federal Railroad Safety Act ("FRSA") because his request for medical treatment was not a protected activity, as it did not relate to a work-related injury or illness; and second, GTW established it would have discharged Green irrespective of any protected activity.

Green appealed the Secretary of Labor's findings to the Office of Administrative Law Judges ("OALJ"). During OALJ proceedings, a discovery dispute arose regarding whether Green was obligated to produce relevant medical records pertaining to the treatment he received the night of April 16, 2012, as well as his medical history. The OALJ granted GTW's motion to compel, finding that Green had "clearly put his medical condition at issue in this claim," and that "the medical records from his treatment at the hospital are relevant . . . as are any other medical records that would indicate whether the Complainant had any pre-existing conditions that would have resulted in his medical emergency."

Green attempted to appeal the OALJ's discovery order to the Administrative Review Board ("ARB"); however, the appeal was denied due to Green's failure to follow the proper procedure to obtain interlocutory review. In addition, Green refused to comply with the OALJ discovery order and filed a "kick-out notice" March 17,

3

2014, seeking *de novo* review of the discovery dispute in this federal court. The district court dismissed Green's petition for lack of subject matter jurisdiction, concluding that it could not construe Green's complaint as a request of his underlying retaliation claim and could not review the OALJ's discovery order. Green appealed the district court decision to the United States Court of Appeals for the Sixth Circuit, and the appellate court affirmed the district court's order of dismissal.

Green subsequently initiated this action against GTW on May 3, 2016, seeking *de novo* review of his FRSA retaliation claim. GTW filed a motion to dismiss, which was referred to Magistrate Judge Mona K. Majzoub, who issued a report and recommendation to deny the motion. Judge Gerald E. Rosen entered an order adopting the report and recommendation January 3, 2017. The case was reassigned to this court February 1, 2017.

GTW served Green with Defendant's First Interrogatories and Requests for Production of Documents March 9, 2017, seeking the same medical documentation it sought before the OALJ, as well as addition discovery relating to Green's disability claim and benefits. GTW has since filed a motion to compel that discovery, and that motion has been referred to Magistrate Judge Majzoub.

## **LAW AND ANALYSIS**

In his current motion plaintiff Green seeks to gain the economic reinstatement he was not awarded from the Secretary of Labor. However, federal regulations state that the Secretary's decision regarding "whether to make a particular finding . . .[is] discretionary not subject to review" upon *de novo* review. See Comments to 29 C.F.R. § 1982.109 and § 1982.109(c). Thus, it was solely within the discretion of the Secretary of Labor to find no merit to Green's OSHA complaint and to elect not to order that Green be preliminarily reinstated to his former position with GTW. Instead, to establish any entitlement to relief, Green must prove his case on the merits in this court.

The crux of Green's complaint is that he was discharged in retaliation for having requested medical treatment in violation of Section 20109(c)(2) of the FRSA. However, as recognized by the Secretary of Labor, the section applies only to requests for medical treatment associated with work-related illnesses or injuries and does not apply to his allegation that he requested medical treatment for his non-work-related atrial fibrillation. See Port Auth. Trans-Hudson Corp. v. Secretary, U.S. Dep't of Labor, 776 F.3d 157, 169 (3d Cir. 2015); Stokes v. Southeastern Pa. Transp. Auth., 657 Fed. Appx. 79 (3d Cir. 2016); Murdock v. CSX Transp., Inc., 2017 WL 1165995,

*4 (N.D. Ohio Mar.29, 2017). Accordingly, the court will deny plaintiff Green's motion.[1]

**ORDER**

It is hereby **ORDERED** that plaintiff Green's March 21, 2017 Motion for Order of Economic Reinstatement is **DENIED.**

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated: June 29, 2017

Certificate of Service

I hereby certify that this document was electronically filed, and the parties and/or counsel of record were served.

        s/Teresa McGovern
        Case Manager Generalist

---

[1] The court notes that it appears as though Plaintiff is attempting at this late date to assert an additional claim under § 20109(a)(1) of the FRSA. However, such a claim is subject to an administrative exhaustion requirement; and in this case it would be time-barred. See 49 U.S.C. § 20109(d)(2)(A).