**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES GREEN,

    Plaintiff,                                   Case No. 16-cv-11587

    v.                                          District Judge Paul D. Borman

GRAND TRUNK                        Magistrate Judge Mona K. Majzoub
WESTERN RAILROAD, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff James Green commenced this *pro se* action against his former employer, Defendant Grand Trunk Western Railroad, Inc., alleging that he was fired from his long time employment as a locomotive engineer in retaliation for his request for medical treatment, in violation of the Federal Rail Safety Act, 49 U.S.C. § 20109 ("FRSA"). (Docket no. 1.) The matter has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 54.) On March 20, 2018, pursuant to Rule 25 of the Federal Rules of Civil Procedure, Defendant filed a suggestion of death of the Plaintiff. (Docket no. 56.)

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that the Court dismiss Plaintiff's complaint in its entirety pursuant to Rule 25 of the Federal Rules of Civil Procedure.

## II.     REPORT

### A.     Background

Defendant is a freight rail carrier. (Docket no. 6, p. 11.) On the night of April 16, 2012, at approximately 11:00 p.m., Plaintiff was called in to perform his job as a locomotive engineer at the railroad terminal in Flint, Michigan. (Docket no. 1, p. 2.) Not long after he arrived, members of Defendant's management team called Plaintiff into a conference room and asked him to submit to a breathalyzer test. (*Id.* at 2-3.) According to Plaintiff, he immediately began experiencing chest pain and dizziness and therefore requested an ambulance. (*Id.* at 3.) He was then taken to a hospital and never took the breathalyzer test. He was "removed from service" that night, and later, after failing to submit documentation establishing an actual medical emergency, he was fired. (Docket no. 6-2, p. 2.)

Plaintiff filed the instant complaint on May 3, 2016, alleging that he was fired for seeking medical treatment in violation of § 20109(c) of the FRSA. (Docket no. 1.)

On September 20, 2017 a woman identifying herself as the daughter of Plaintiff James Green contacted defense counsel to advise that Plaintiff died on September 17, 2017. (Docket no. 52, p. 9 n.1.) On March 20, 2018, Defendant filed a suggestion of death pursuant to Rule 25. (Docket no. 56.) Defendant mailed a copy of that suggestion to the last known address of Plaintiff, which was the same address as the expected executor/administrator for the estate, Jonel Green. (*Id.*) Defendant requested that Plaintiff's complaint be dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure if no motion to substitute was filed within 90 days of the suggestion of death. (*Id.*)

### B. Analysis

Rule 25 of the Federal Rules of Civil Procedure establishes a protocol for substitution after the death of a party, as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Because Defendant filed the suggestion of death on March 20, 2018, the 90-day period referenced in Rule 25 expired on June 18, 2018. No motion to substitute was filed during that period. Accordingly, the Court should dismiss Plaintiff's complaint.

### C. Conclusion

For the above-stated reasons, it is recommended that the Court dismiss Plaintiff's complaint in its entirety pursuant to Rule 25 of the Federal Rules of Civil Procedure.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  June 20, 2018            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Plaintiff and counsel of record on this date.

Dated: June 20, 2018             s/ Leanne Hosking
                                 Case Manager